UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BYRON N. RAYNES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil No. 09-542-B-W |
| | ) |
| MAINE, STATE OF, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Byron Raynes has filed a 28 U.S.C. § 2254 petition attacking his 1990 sentence of 75 years imposed after he was convicted of murder and kidnapping.  I recommend that the petition be summarily dismissed pursuant to Rule Governing Section 2254 Proceedings 4 because on the face of the petition and the exhibits submitted by Raynes his petition is untimely under 28 U.S.C. § 2244(d).

That provision reads:

**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
  **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

With regards to § 2244(d)(1)(A), according to Raynes's § 2254 petition, the Maine Law Court affirmed Raynes's conviction on direct appeal on January 24, 1991. Raynes indicates that he filed for state post-conviction review on March 29, 2007, and that this petition was summarily dismissed on March 14, 2008. Raynes appealed to the Maine Law Court, which denied him a certificate of probable cause on October 13, 2009. There is no question but that his § 2244(d)(1)(A) year ran before Raynes took any step to seek further review of his sentence after the judgment on his direct appeal entered in 1991.

Raynes has submitted the order from the Maine Superior Court summarily dismissing his state petition for post-conviction review. The Superior Court concluded that Raynes's petition for post-conviction review was untimely under state law. (See Doc. No. 1- 2 at 2.) It also noted that under the statute of limitations for state post-conviction petitions Raynes could not rely on 15 M.R.S. § 2128(5)(B). (Id.) Subsection B permits the filing of post-conviction petitions one year from the "date on which the constitutional right, state or federal, asserted was initially recognized by the Law Court or the Supreme Court of the United States, if the right has been newly recognized by that highest court and made retroactively applicable to cases on collateral review." 15 M.R.S. § 2128(5)(B). The Superior Court justice observed that the only case cited by Raynes that fell within this one-year window of opportunity was Cunningham v. California, 549 U.S.270 (2007). (Id.) Cunningham was an 'outgrowth' of Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296, 303 (2004), and United States v. Booker, 543 U.S. 220 (2005).

The Superior Court concluded:

While the Court in Cunningham addressed Apprendi and Blakely, a new constitutional right was not recognized, rather a California law was invalidated. The Court held that California's determinate sentence law, by placing sentence-

2

> elevating factfinding within the judge's province violated a defendant's right to trial by jury safeguarded by the Sixth and Fourteenth Amendments….
> It should also be noted that after Petitioner filed his petition, the Law Court decided Carmichael v. State, 2007 ME 86[,927 A.2d 1172]. In Carmichael, two petitioners made allegations similar to the Petitioner here in their post-conviction petitions. They alleged that their sentences violated their Sixth Amendment rights based on the recent decisions of Blakely and [Maine v. Schofield, 2005 ME 82, 895 A.2d 927].[1] The Law Court ultimately held that Blakely and Schofield did not apply retroactively to cases on collateral appeal, and found that the petitioners['] post-conviction petitions had been properly dismissed as being time barred. Therefore, even if Petitioner's petition had been properly filed within one year of these decisions, 15 M.R.S.A. § 2138(5)(B) would not be invoked.

(Doc. No. 1-2 at 2-3.) See also Libby v. Maine, 2007 ME 80, 926 A.2d 724, cert. denied, 128 S.Ct. 1121 (Jan 22, 2008).

Addressing the timeliness of Raynes's 28 U.S.C. § 2254 petition under the federal § 2244(d)(1)(C) limitation period, even if the Maine Law Court had concluded that Schofield was retroactive to state post-conviction proceedings, it would not translate to retroactivity for purposes of Raynes's federal petition.[2] Only the United States Supreme Court precedent is operative in that provision and only the United States Supreme Court can make a case retroactive to federal habeas petitions. See Tyler v. Cain, 533 U.S. 656 (2001). Raynes has relied directly on Apprendi, Blakely, and Cunningham in arguing the timeliness of his 28 U.S.C. § 2254 petition but these cases have not been made retroactive to cases on collateral review by the United States Supreme Court. See Cummings v. Maine, 09- 302-B-W, 2009 WL 2242368 (D. Me. July 26, 2009) (recommended decision), adopted, 2009 WL 2476515 (D. Me. Aug. 12, 2009); Goodale v. Maine, Civ. No. 09-130-B-W, 2009 WL 949087 (D. Me. Apr. 6, 2009) (recommended decision), adopted, 2009 WL 1032852 (D. Me. Apr. 6, 2009); Craney v. Maine,

---

[1] Schofield addressed the implications of the United States Supreme Court's Apprendi, Blakely, and Booker, line of cases on a sentence that exceeded twenty years for a 17-A M.R.S. § 203 manslaughter conviction.
[2] With respect to the timeliness of his 28 U.S.C. § 2254 petition, Raynes stresses that he was unaware that he had a Sixth Amendment right to have a jury and not a judge decide the facts which enhanced his sentence.

Civ. No. 09-123-B-W, 2009 WL 949083 (D. Me. Apr. 2, 2009) (recommended decision), adopted, see Doc. No. 8; Coombs v. Maine, Civ. No. 09-120-B-W, 2009 WL 949086, 2 (D. Me. Mar. 31, 2009) (recommended decision), adopted, see Doc. No. 8; Newbury v. Maine, Civil No. 08-299-B-W, 2008 WL 4330304, 1 -2 & n.2 (D.Me. Sept. 17, 2008) (recommended decision), adopted, 2008 WL 4530907 (D. Me. Oct. 6, 2008).

### *Conclusion*

For the reasons outlined above I recommend that the Court summarily deny this 28 U.S.C. § 2254 petition pursuant to Rule Governing Section 2254 Proceedings 4 because it is untimely. I further recommend that a certificate of appealability should not issue in the event Raynes files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

October 30, 2009 /s/ Margaret J. Kravchuk
                                                      U.S. Magistrate Judge